# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERTICAL TANK, INC., | Case No.: 1:18-CV-00145 - LJO - JLT |
| Plaintiff, | SCHEDULING ORDER (Fed. R. Civ. P. 16) |
| v. | Pleading Amendment Deadline: 10/15/2018 |
| BAKERCORP, | Claim Construction Briefing:<br>    Joint Statement: 10/16/2018<br>    Opening Brief: 11/30/2018<br>    Responding Brief: 12/14/2018<br>    Rebuttal Brief: 12/21/2018 |
| Defendant. | |

Discovery Deadlines:
   Initial Disclosures: 8/6/2018
   Non-Expert: 8/8/2019
   Expert: 10/18/2019
   Mid-Discovery Status Conference:
   5/2/2019 at 8:30 a.m.

Non-Dispositive Motion Deadlines:
   Filing: 11/4/2019
   Hearing: 12/2/2019

Dispositive Motion Deadlines:
   Filing: 12/17/2019
   Hearing: 1/28/2020

Pre-Trial Conference:
   3/24/2020 at 8:30 a.m.
   Courtroom 4

Trial:   5/19/2020 at 8:30 a.m.
      Courtroom 4
      Jury trial: 5-7days

1

**I.   Date of Scheduling Conference**

June 21, 2018.

**II.  Appearances of Counsel**

Noel McCartney appeared on behalf of Plaintiff.

Stanley Gibson appeared on behalf of Defendant.

**III. Pleading Amendment Deadline**

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **October 15, 2018**.

**IV.  Discovery Plan and Cut-Off Dates**

    **A.   Rule 26 Initial Disclosures**

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **August 6, 2018**.

    **B.   Disclosure of Asserted Claims and Contentions**

Plaintiff **SHALL** serve its "Disclosure of Asserted Claims and Infringement Contentions" no later than **July 5, 2018**.  The "Disclosure of Asserted Claims and Infringement Contentions" shall include the following information:

        1. Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted;

        2. Each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware;

        3. Information identifying where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6);

        4. Identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of

multiple parties, the role of each such party in the direct infringement must be described;

5. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled;

6. The timing of the point of first infringement, the start of claimed damages, and the end of claimed damages; and

7. If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

Defendant SHALL serve any "Invalidity Contentions" no later than **August 17, 2018**, addressing the any grounds of invalidity under 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

**C.     Damages Contentions**

Plaintiff shall serve its damages contentions—identifying each category of damages for the alleged infringement, the theories of recovery, and factual support for those theories— no later than **October 5, 2018**.  Defendant shall serve its response to the damages contentions no later than **November 2, 2018.**

**D.     Claim Construction Briefing and Hearing**

The parties SHALL exchange proposed terms for construction no later than **August 31, 2018**. Each party shall identify a list of claim terms that should be construed by the Court, and identify any claim term the party contends should be governed by 35 U.S.C. § 112(6).

No later than **September 21, 2018**, the parties shall exchange their proposed constructions of each term identified by the other party for claim construction.  At the same time, the parties shall identify any extrinsic evidence that supports the construction.

The parties SHALL meet and confer to limit the terms in dispute before filing a Joint Claim Construction and Prehearing Statement no later than **October 16, 2018**.  The Joint Statement shall include the following information:

1. The construction of those terms on which the parties agree;

2. Each party's proposed construction of each disputed term, together with an

identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence;

3. The anticipated length of time necessary for the Claim Construction Hearing; and
4. An identification of any factual findings requested from the Court related to claim construction.

Plaintiff **SHALL** file its opening claim construction brief no later than **November 30, 2018**. Defendant **SHALL** file its responding claim construction brief on or before **December 14, 2018**. Any rebuttal claim construction brief by Plaintiff **SHALL** be filed no later than **December 21, 2018**.

The claim construction motion will be heard no later than **January 23, 2019** at 8:30 a.m. in Courtroom 4 at 8:30 a.m. before Chief District Judge Lawrence J. O'Neil.

### E. Non-exert and Expert Discovery

The parties are ordered to complete all discovery pertaining to non-experts on or before **August 8, 2019** and all discovery pertaining to experts on or before **October 18, 2019**.

The parties are directed to disclose all expert witnesses, in writing, on or before **August 19, 2019**, and to disclose all rebuttal experts on or before **September 17, 2019**. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

### F. Mid-Discovery Status Conference

A mid-discovery status conference is scheduled for **May 2, 2019** at 8:30 a.m. before the Honorable Jennifer L. Thurston, U.S. Magistrate Judge, located at 510 19th Street, Bakersfield,

California. Counsel **SHALL** file a joint mid-discovery status conference report one week before the conference. Counsel also **SHALL** lodge the status report via e-mail to JLTorders@caed.uscourts.gov. The joint statement **SHALL** outline the discovery counsel have completed and that which needs to be completed as well as any impediments to completing the discovery within the deadlines set forth in this order. Counsel may appear via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date.

### V.     Pre-Trial Motion Schedule

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than **November 4, 2019**, and heard on or before **December 2, 2019**. Non-dispositive motions are heard before the Honorable Jennifer L. Thurston, United States Magistrate Judge at the United States Courthouse in Bakersfield, California.

**No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend.** Likewise, no written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge. It shall be the obligation of the moving party to arrange and originate the conference call to the court. To schedule this telephonic hearing, the parties are ordered to contact the Courtroom Deputy Clerk, Susan Hall, at (661) 326-6620 or via email at SHall@caed.uscourts.gov. **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from the Court's calendar.**

Counsel may appear and argue non-dispositive motions via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date.

All dispositive pre-trial motions shall be filed no later than **December 17, 2019**, and heard no

later than **January 28, 2020**, in Courtroom 4 at 8:30 a.m. before the Honorable Lawrence J. O'Neill, United States District Court Judge. In scheduling such motions, **counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260**.

### VI. Motions for Summary Judgment or Summary Adjudication

**At least 21 days before** filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a motion; and 6) to develop a joint statement of undisputed facts.

The moving party **SHALL** initiate the meeting and **SHALL** provide a complete, proposed statement of undisputed facts **at least five days before** the conference. The finalized joint statement of undisputed facts **SHALL** include all facts that the parties agree, for purposes of the motion, may be deemed true. In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion, the moving party **SHALL** certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer. **Failure to comply may result in the motion being stricken.**

### VII. Pre-Trial Conference Date[1]

**March 24, 2020** at 8:30 a.m. in Courtroom 4.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2)**. The parties are further directed to submit a digital copy of their pretrial statement in Word format, directly to Judge O'Neill's chambers, by email at LJOorders@caed.uscourts.gov.

---

[1] Counsel are advised that Judge O'Neill has announced that he will retire from the Court in January 2020. If the action cannot be completed before his retirement, the case will be reassigned, but it is unlikely the trial will occur until Judge O'Neill's replacement is selected. In recent times, this process has taken up to three years to occur.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules. In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

**VIII.  Trial Date**

**May 19, 2020** at 8:30 a.m. in Courtroom 4 before the Honorable Lawrence J. O'Neill, United States District Court Judge.

    A.    This is a jury trial.

    B.    Counsels' Estimate of Trial Time: 5-7 days.

    C.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**IX.  Settlement Conference**

If the parties believe the action is in a settlement posture and a conference with the Court would be fruitful, the parties may file a joint written request for a settlement conference. Notwithstanding the requirements of Local Rule 270(b), the settlement conference will be conducted by Magistrate Judge Thurston. The Court deems the deviation from the Local Rule to be appropriate and in the interests of the parties and justice and sound case management based upon the location of the parties. **If any party prefers that the settlement conference be conducted by a judicial officer who is not assigned to this case, that party is directed to notify the Court no later than 60 days in advance of the requested settlement conference** to allow sufficient time for another judicial officer to be assigned to handle the conference.

**X.  Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

**XI.  Related Matters Pending**

There are no pending related matters.

///

**XII.  Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XIII.  Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:  **June 21, 2018**                                   **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE