# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERTICAL TANK, INC., | Case No.: 1:18-cv-00145 LJO LJT |
| Plaintiff, | ORDER GRANTING MOTION TO AMEND COMPLAINT |
| v. | (Doc. 20) |
| BAKERCORP, | |
| Defendant. | |

The plaintiff has filed a motion to amend the complaint to name United Rentals North America as a defendant in this case because BakerCorp has merged with URNA. (Doc. 20-1 at 1; 20-2 at 3). Due to the merger, "BakerCorp ceased to exist and its operations, including those operations alleged to be infringing of the patents at issue, became the operations of URNA." Id. The defendant agreed to allow the plaintiff to file the amended complaint (Doc. 20-2 at 11; Doc. 23), but there was insufficient time to do so before the expiration of the pleading amendment deadline (Doc. 20-2 at 3). The Court will **GRANT** the motion.

**I1.    Legal Standards**

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.

1

15(a)(2). Here, the defendants filed their answer on July 25, 2017 (Doc. 6). Therefore, Plaintiffs require either consent of the defendants or leave of the Court to file an amended complaint.

Granting or denying leave to amend a complaint is in the discretion of the Court, Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.*

After a defendant files a responsive pleading, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." DCD v. Olympic Packers, 310 F.3d 628, 636 (9th Cir. 2002) (citing Yakima Indian Nation v. Wash. Dep't of Revenue, 176 F.3d 1241, 1246 (9th Cir. 1999)).

**III.    Discussion and Analysis**

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962); Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

The amendment sought is the first for the plaintiff. The plaintiffs learned of the new defendant and timely sought to add it to the litigation. (*See* Doc. 20-2 at 2-3) In addition, the request to amend was filed in compliance with the deadline ordered by the Court. (Doc. 12 at 3) Notably, the burden of establishing prejudice is on the party opposing an amendment to the complaint. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987); Beeck v. Aquaslide 'N' Dive Corp., 562 F.2d 537, 540 (9th Cir. 1977). However, as noted above, the

defendant has not opposed the motion and it does not appear that amendment would pose any prejudice to the defendant.

**IV.   Conclusion and Order**

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiffs to amend the complaint. See <u>Madeja</u>, 310 F.3d at 636. Therefore, the Court is acting within its discretion in granting the motion to amend. See <u>Swanson</u>, 87 F.3d at 343. According, the Court **ORDERS**:

1. Plaintiffs' motion to amend the complaint (Doc. 20) is **GRANTED**;
2. Plaintiffs **SHALL** file the First Amended Complaint within three court.

IT IS SO ORDERED.

Dated:   **November 7, 2018**                    **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE