# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERTICAL TANK, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BAKERCORP,<br><br>　　　　Defendant. | Case No.: 1:18-cv-00145 LJO LJT<br><br>ORDER AFTER INFORMAL TELECONFERENCE RE DISCOVERY DISPUTE; ORDER SETTING FURTHER CONFERENCE<br>(Doc. 43) |

The Court held an informal teleconference with counsel to attempt to resolve disputes over production requests propounded by the plaintiff. (Doc. 44) The conference was not successful, except that plaintiff's counsel agrees that he received the defendant's document retention policy. Thus, the Court will set a further conference on June 17, 2019 at 1:30 p.m. In advance of that conference, the defense will conduct additional investigation and will complete other tasks. The Court **ORDERS**:

 1. **<u>No later than June 13, 2019</u>**, the defense **SHALL**:

  a. Provide a list to plaintiff's counsel, by referencing the Bates number, of the documents that respond to each category of request;

  b. Contact the successor entity to AFC (the contractor it hired to design the accused tanks) to determine whether it has retained responsive documents, including those held electronically. The defense **SHALL** request informal production of these records and request that

1

production occur immediately;

      c. Have communication with the IT staff of BakerCorp to determine:

          i. Whether the legacy computer system can be searched, and documents/emails recovered for the relevant period, which the Court understands is November 2012 through July 2013. If BakerCorp indicates that the system cannot be searched, the defense SHALL obtain an in-depth explanation;

          ii. Whether any of the records BakerCorp maintains electronically, whether in the nature of accounting, financial, marketing or other category of data, can be searched—and as necessary correlated with other data, to discover the persons/entities who leased any of the accused tanks and the amount the person/entity paid for the lease of the tanks;

      d. Investigate to determine whether it is wieldy to access the hardcopy version of the pertinent rental agreements maintained in the defendant's warehouse. If the relevant rental agreements cannot be easily identified, the defense counsel SHALL determine the number of hardcopy lease agreements which would need to be searched to discover the responsive documents.

2. The Court sets a further informal conference re: discovery dispute on June 17, 2019 at 1:30 p.m. Counsel will appear via teleconference by dialing (888) 557-8511 and entering access code 1652736. **No later than 8 a.m. on June 17, 2019**, counsel **SHALL** lodge reports via email to JLTOrders@caed.uscourts.gov, indicating the status of the dispute and the extent to which they believe the dispute has been resolved.

IT IS SO ORDERED.

    Dated: **June 7, 2019**              **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE